UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ALEXANDER ROVT,
PLAINTIFF,

v.

BIG AL'S GUN AND PAWN, INC.,
DEFENDANT.

## COMPLAINT

The plaintiff, Alexander Rovt, by and through the undersigned attorneys, hereby files the Complaint in the above captioned case and sues the defendant, Big Al's Gun and Pawn, Inc., for damages, and in support thereof states:

1. The plaintiff, Alexander Rovt, is over the age of 18, a resident of the State of New York, and otherwise *sui juris* in all respects.

2. The defendant, Big Al's Gun and Pawn, Inc. (Big Al's), is a Florida for profit corporation and its principal place of business is the town of Pembroke Park.

3. Pursuant to 28 U.S.C. § 1331, the district court has original jurisdiction over the plaintiff's claim under 42 U.S.C. 21 § 1981.

4. Pursuant to 28 U.S.C. § 1332, the district court has original jurisdiction over the plaintiff's claims based on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000.

5. Venue is appropriate in the Southern District of Florida, as the district court has personal jurisdiction over the defendant, and all acts material to the plaintiff's claims took place in Broward County.

## FACTUAL BACKGROUND

6. Big Al's is a corporation that operates a facility (the Gun Range) that offers goods and services to the public.

7.      Among other things, the Gun Range offers customers use of its shooting range, gun rentals for use at the range, and classes for obtaining a concealed weapons permit.

8.      On March 21, 2018, and while on vacation, Rovt, along with his son and a friend, visited the Gun Range to rent guns for use on the shooting range.

9.      Upon their entry into the Gun Range facility, photo-identification was requested from Rovt and his party by an employee of Big Al's (John Doe).

10.     The other members of Rovt's party produced their drivers licenses; however, Rovt was unable to produce his, as he had left it in his hotel room.

11.     Instead, Rovt produced both his federal Global Entry[1] identification, as well as the gun permit issued to him by the City of New York.

12.     John Doe exclaimed he "didn't know what this was" regarding the Global Entry identification.

13.     In response, Rovt requested that John Doe check with the Gun Range's manager to see if his identification was acceptable.

14.     After speaking with the manager, John Doe returned to Rovt and stated his identification was not acceptable.

15.     When Rovt inquired as to why, John Doe responded that he didn't "**give a f\*\*k about it**," and walked away from the plaintiff.

16.     Insulted by the vulgarity, Rovt requested to speak with John Doe's manager.

17.     The manager of the Gun Range began to speak with Rovt concerning his identification, but before a conversation could take place, John Doe ran around the store counter and began screaming at the plaintiff.

---

[1] Global Entry is a U.S. Customs and Border Protection (CBP) program that allows expedited clearance for pre-approved, low-risk travelers upon arrival in the United States[.] * * * Travelers must be pre-approved for the Global Entry program. All applicants undergo a rigorous background check and in-person interview before enrollment. U.S. Customs and Boarder Protection, *Global Entry*, (Oct. 2, 2017), https://www.cbp.gov/travel/trusted-traveler-programs/global-entry.

18.  John Doe started ranting at Rovt that "this is America" and "I don't know where the heck you're from."

19.  Presumably, John Doe's attack against Rovt[2] was based on his foreign accent.

20.  The manager permitted John Doe's rant to continue, so Rovt and his party began to exit the Gun Range facility.

21.  Despite this, John Doe stalked the plaintiff's party out of the facility and into Gun Range parking lot while screaming at Rovt "now say something" and "now do something" in an obvious attempt to provoke a physical altercation.

22.  Rovt recognized that John Doe was armed while he was screaming at them, so he instructed his son and friend to hurry into the car and get it started.

23.  While outside, John Doe continued to antagonize the plaintiff by screaming "**all New Yorkers**[3] **are c\*\*k suckers**."

24.  When the Rovt and his party finally left the Gun Range parking lot, John Doe was still outside screaming at him.

25.  All conditions precedent to filing this case have been satisfied or have been otherwise waived.

26.  The plaintiff has engaged the attorneys of The Jacobs Law Group and is obligated to pay the firm a reasonable fee for their services.

27.  The plaintiff demands a trial by jury on all relevant issues.

## COUNT I – VIOLATION OF CIVIL RIGHTS

28.  The plaintiff realleges the allegations in numbered paragraphs one through 27, *supra*, as if fully set forth herein.

---

[2] The plaintiff is a U.S. citizen from the Carpathia region in the former Soviet Union, who emigrated to New York in 1985.
[3] "For decades, centuries, the accusation of being "very New York" or "too New York" or "having New York values" meant, simply and frankly, too Jewish." Gopnik, Adam, *Daily Comment*, The New Yorker (Jan. 14, 2016).

29.     On March 21, 2018, Big Al's, by and through the acts of John Doe, violated Rovt's civil rights, as protected under 42 U.S.C. 21 § 1981.

30.     The discrimination suffered by the plaintiff was based on his place of origin, ancestry or ethnic characteristics.

31.     By the conduct described in numbered paragraphs 5 through 25, *supra*, Big Al's, by and through John Doe, intentionally deprived Rovt of the same rights enjoyed by other citizens concerning the creation, performance, enjoyment, and all benefits and privileges of a contractual relationship.

32.     John Doe's acts toward Rovt were witnessed and permitted by the Gun Range's manager.

33.     Because of Big Al's violation, Rovt is entitled to injunctive and/or monetary relief.

WHEREFORE, the plaintiff, Alexander Rovt, respectfully requests that this Honorable Court enter judgment in his favor and against the defendant, Big Al's Gun and Pawn, Inc., and in doing so award the plaintiff: injunctive relief ensuring free and unfettered access to the Gun Range without future discrimination based on, *inter alia*, ethnicity; compensatory damages in an amount determined by the trier of fact; statutory damages in an amount determined by the trier of fact; punitive damages in an amount determined by the trier of fact; and the reasonable costs and attorney's fees incurred prosecuting this case, together with such other relief that it deems just.

## COUNT II – TORTIOUS ASSAULT

34.     The plaintiff realleges the allegations in numbered paragraphs one through 27, *supra*, as if fully set forth herein.

35.     Big Al's permitted John Doe to intentionally stalk the plaintiff into the Gun Range's parking lot and attempt to incite a physical altercation while he was screaming verbal abuse.

36. Demanding that Rovt "now do something" while John Doe was visibly carrying a firearm created a reasonable fear in the plaintiff that his life was in peril.

37. Due to the rage he was exhibiting directly toward the plaintiff, and the fact that he was armed with a lethal weapon, John Doe had the present ability to effectuate this peril and worse.

38. Big Al's is liable for the intentional acts of John Doe.

WHEREFORE, the plaintiff, Alexander Rovt, respectfully requests that this Honorable Court enter judgment in his favor and against the defendant, Big Al's Gun and Pawn, Inc., and award the plaintiff the damages he suffered as determined by the trier of fact (or alternatively nominal damages), punitive damages, and the costs incurred prosecuting this action, together with such other relief that it deems just.

### COUNT III – NEGLIGENT HIRING

39. The plaintiff realleges the allegations in numbered paragraphs one through 27 and 35 through 37, *supra*, as if fully set forth herein.

40. John Doe engaged in conduct that is in its nature dangerous to members of the general public.

41. Big Al's had notice that the employee was acting in a manner dangerous to other persons.

42. Big Al's had the ability to control John Doe as to substantially reduce the probability of harm to other persons.

43. On March 21, 2018, the plaintiff suffered damages from John Doe's actions, which could reasonably have been anticipated by Big Al's and which by exercising due diligence and authority over John Doe that Big Al's might reasonably have prevented.

WHEREFORE, the plaintiff, Alexander Rovt, respectfully requests that this Honorable Court enter judgment in his favor and against the defendant, Big Al's Gun and Pawn, Inc., and award the plaintiff damages as determined by the trier of fact, and the costs incurred prosecuting this action, together with such other relief that it deems just.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. The plaintiff realleges the allegations in numbered paragraphs one through 27, *supra*, as if fully set forth herein.

45. The acts caused or allowed by Big Al's against Rovt were intentional or reckless.

46. The defendant knew or should have known that such acts would cause emotional distress.

47. The acts caused or allowed by Big Al's against Rovt were beyond the bounds of decency and are odious to a civilized community.

48. Such acts caused the plaintiff emotional distress that was severe.

WHEREFORE, the plaintiff, Alexander Rovt, respectfully requests that this Honorable Court enter judgment in his favor and against the defendant, Big Al's Gun and Pawn, Inc., and award the plaintiff compensatory damages as determined by the trier of fact, and the costs incurred prosecuting this action, together with such other relief that it deems just.

Respectfully submitted.

        s/Scott R. Shapiro
        SCOTT R. SHAPIRO (17767)
        scott@thejacobslawgroup.com
        THE JACOBS LAW GROUP
        *Atty's for the plaintiff*
        20700 W. Dixie Hwy.
        Aventura, FL 33180
        (305) 405-4444 Tel
        (305) 402-0138 Fax